IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALANA DENISE WYATT STALLWORTH, et al., | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:25-00293-KD-N |
| MOBILE POLICE DEPARTMENT, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs, proceeding without counsel (*pro se*), filed a civil complaint in this Court, along with a contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), on July 21, 2025. (Docs. 1, 2).[1] Upon consideration and for the reasons stated herein, Plaintiffs' IFP motion (Doc. 2) is **STRICKEN,** and they are **ORDERED** to refile. Additionally, for the reasons set forth herein, Plaintiffs are ordered to file an amended complaint.

Should Plaintiffs wish to proceed with this action, they are **ORDERED** to, on or before **January 4, 2026**, (1) file an amended complaint addressing the deficiencies described herein; and (2) either pay the $405 statutory filing fee[2] or refile for IFP

---

1 The District Judge assigned to this case has referred this action to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1). *See* S.D. Ala. GenLR 72. (Doc. 2).

2 Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2023,

status as described below.

## I.    *IFP Status*

The IFP statute, 28 U.S.C. § 1915, is designed so that "[a]ll persons, regardless of wealth, are entitled to reasonable access to the courts." *Moon v. Newsome,* 863 F.3d 835, 837 (11th Cir. 1989). The statute states, in relevant part:

> [Subject to inapplicable exceptions] any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915's provisions to non-prisoner complaint).

While the IFP statute seeks to "ensure[] that indigent persons will have equal access to the judicial system," IFP motions are not "a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997) (citations omitted). And "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right…." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).[3]  While a trial court

---

the Judicial Conference prescribes an additional $55 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. (last visited March 28, 2023).

[3] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule. To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee . . . To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

has "broad discretion" in determining whether to grant or deny an IFP application, "it must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citation omitted). However, "in civil cases for damages … the courts should grant the [IFP] privilege sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)).[4]  In any event, "[t]he district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review." *Martinez*, 364 F.3d at 1307 (citations omitted).

When considering an IFP motion under § 1915(a), "the only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1307 (citation omitted). An IFP movant's affidavit, "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915," rather, "an application will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (unpublished) (citing *Martinez*, 364 F.3d at 1307-08 (internal quotations omitted)).

The IFP motion is signed only by Plaintiff Alana Stallworth. She represents to

---

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2s 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981.

the Court that she has monthly financial obligations totaling more than $4,900, but receives no source of income other than food stamps and an unspecified income derived from thrifting. (*See* Doc. 2). She lists no assets and reports receiving no social security. Additionally, the majority of the section "VI. Financial Status" is left blank. (*See* Doc. 2).

Plaintiffs are directed to correct the noted deficiencies and provide a fully completed motion for leave to proceed IFP on the Court's prescribed form (or affidavit in substantial compliance).

Moreover, Stallworth is one of four Plaintiffs listed in the complaint. (*See* Docs. 1, 2). The IFP motion contains an individualized affidavit. "Because there are multiple Plaintiffs in this action, the Court must have information establishing that all Plaintiffs, individually or collectively, cannot pay the filing fee" before an IFP application may be granted. *Digit. Payments LLC v. Dep't of Banking & Consumer Fin.*, 2025 WL 597048, at *1 (S.D. Miss. Jan. 16, 2025) (collecting cases), *report and recommendation adopted*, 2025 WL 595172 (S.D. Miss. Feb. 24, 2025). [5]

---

[5] Moreover, as this could be a captioning error, most cases considering the ability of someone else to pay these costs for a putative pauper focus on whether those costs can be borne by a close family member—such as a spouse, parent, an adult sibling, or other next friend. *E.g., Williams*, 455 F. Supp. at 209; *see also Pisano v. Astrue*, Civil Action No. 11–30269–KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915.") (collecting cases); *but see Fridman*, 195 F. Supp. 2d at 537 ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from ***those who ordinarily provide the applicant with the 'necessities of life,'*** such as 'from a spouse, parent, adult sibling or other next friend.'" (emphasis added)), *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4,

Accordingly, the undersigned orders that Stallworth's IFP motion is **STRICKEN** for substantial incompleteness. Each Plaintiff named in this action is **ORDERED** to file an IFP affidavit/28 U.S.C. § 1746 declaration providing additional relevant information bearing on their entitlement to IFP. The Clerk is **DIRECTED** to mail Stallworth five copies of the Court's current IFP form.

## II.    *Plaintiffs' Complaint*

The allegations in Plaintiffs' complaint are unclear. In addition to addressing the filing fee as described above, they are required to file an amended complaint on or before **January 4, 2026**, for this action to proceed.

Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim" showing that the pleader is entitled to relief. While complaints filed by *pro se* litigants are "liberally construed" and held "to less stringent standards" than complaints drafted by attorneys, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd*., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Plaintiffs utilize the margins of the Court's *pro se* civil form to write, *e.g.,* "war

---

2008) ("Federal Courts have frequently recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from ***any other individual***." (emphasis added)), *and Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of ***interested persons***, such as spouses and parents." (citation omitted and emphasis added)).

crimes, rape, egg harvesting, experimental cloning, wrongful death, injury, and execution." (*See* Doc. 1, PageID.2). Concluding, the claims fall under "RICO" and "conspiracy/enterprise law," against "the City of Mobile, County of Mobile, and State of Alabama, and regular community citizens[,]" which "acted as one, covered up as one, and remained silent as one to keep it going…." (*Id.*, PageID.5). It appears this pertains to the acts listed on the previous page, but that connection is unclear. (*See id.*). Section "III. Statement of Claim" of the Court's *pro se* complaint form directs the party to "write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm…." Plaintiffs fail to comply with this directive.

As it appears, Plaintiffs wish to bring an action against state individuals and/or entities, such that 42 U.S.C. § 1983 may apply. To state a claim pursuant to § 1983, "a plaintiff must allege that (1) the defendant deprived [her] of a right secured under the United States Constitution or federal law and (2) such a deprivation occurred under color of state law." *Richardson v. Johnson,* 598 F.3d 734, 737 (11th Cir. 2010).

Plaintiffs must plainly allege actions or omissions that resulted in a deprivation of rights. The allegations must be supported by sufficient factual allegations to survive a potential dismissal, under Fed. R. Civ. P. 12(b)(6). The allegations must consist of more than "unadorned, the-defendant-unlawfully-

harmed-me accusation[s]." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Additionally, each Plaintiff must personally sign all filings submitted to the Court.

### III.   *Conclusion*

Upon consideration, and for the reasons stated herein, Plaintiffs' motion for IFP (Doc. 2) is **STRICKEN**, and they are **ORDERED** to, by no later than **January 4, 2026**:

1) Pay the $405 statutory filing fee for this action, *or* each Plaintiff must file an affidavit or 28 U.S.C. § 1746 declaration providing substantial information bearing on their entitlement to IFP; **and**

2) File an amended complaint addressing the deficiencies noted herein, and including the information described on pages 16-18 of the Pro Se Litigant Handbook.[6]

The Clerk is **DIRECTED** to send Stallworth: (1) a copy of this order, (2) a copy of the Court's Pro Se Litigant Handbook and (3) a copy of this Court's form civil complaint; [7] and (4) five copies of the Court's IFP form, Local AO 240.

---

6 This resource, along with other helpful resources for *pro se* litigants, can also be accessed online at: https://www.alsd.uscourts.gov/filing-without-attorney.

7 Plaintiff is advised that the amended complaint is not required to be filed on the Court's form complaint; however, this resource may provide assistance in drafting a complaint that will meet the threshold requirements of this Court's local rules and Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8 and 10.

Failure to comply with this directive will result in a recommendation that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee and/or failure to comply with a court order.[8]

## NOTICE TO PRO SE PLAINTIFF

In light of their *pro se* status, Plaintiffs are noticed that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP   litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by each plaintiff personally and provide their "address, e-mail address, and telephone number."[9] *See also* S.D.

---

[8] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting district court's inherent authority to *sua sponte* dismiss a case under Rule 41(b)), *and Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)).

[9] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number.").[10] Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

---

[10] Unless and until Plaintiffs registers with the Clerk of Court to electronically file, he must handwrite his signature on all future filings with this Court in order to comply with Rule 11(a). Should he desire to set up an electronic-filing account, he should contact the Office of the Clerk of Court for this district. *See also* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2021) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf). This point cannot be emphasized enough, and Plaintiff is hereby noticed that repeated failure to personally sign filings may result in sanction as the Court sees fit, pursuant to its inherent powers to manage its docket. *See Mulautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) ("Deeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation." (internal citation and quotation omitted)).

Plaintiffs are encouraged to review the resources available for *pro se* litigants on the Court's website: https://www.alsd.uscourts.gov/filing-without-attorney.

**DONE** and **ORDERED** this 11th day of December, 2025.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**